UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
QINGDAO ZHONGFU INTERNATIONAL
LOGISTICS CO., LTD.,

                              Plaintiff,

       -against-

HOP WO INT'L TRADING, INC.,
YAT WO TRADING INC. and YAO YUA LI,

                              Defendants.

---------------------------------------------------------------x

Docket No.: 24-cv-739

**COMPLAINT**

Plaintiff, QINGDAO ZHONGFU INTERNATIONAL LOGISTICS CO., LTD. ("Plaintiff" or "ZhongFu"), by its attorneys, KEVIN KERVENG TUNG, P.C., as and for its complaint against Defendants, HOP WO INT'L TRADING, INC. ("Hop"), YAT WO TRADING INC. ("Yat") and YAO YUA LI ("Li", together with Hop, collectively "Defendants", each a "Defendant") allege as follows:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution, and 28 U.S.C. §1331 (federal question), §1333 (maritime) and, as hereafter more fully appears, is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure for the carriage of goods by sea to ports of the United States in foreign trade and thus comes under the laws of the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §30701, and federal maritime common law as it applies to international carriers and transportation.

1

2. The venue is proper in this District because Defendants Hop, Yat and Li are located and residing in the Eastern District of New York, and at all material times and at the time of filing this Complaint, Plaintiff does transact business in this judicial district.

## THE PARTIES

3. Plaintiff ZhongFu, at all times hereinafter mentioned, was and still is a foreign corporation duly organized and existing under the laws of the People's Republic of China, and having its principal place of business located at Rm 0911, China Resource Building.B, No 6, Shandong Road, Qingdao, China.

4. Upon information and belief, Defendant Hop, at all times mentioned, is a domestic corporation organized and existing under the laws of the State of New York with its principal place of business at 1250 Metropolitan Avenue, Brooklyn, New York, 11237.

5. Upon information and belief, Defendant Yat, at all times mentioned, is a domestic corporation organized and existing under the laws of the State of New York with its principal place of business at 179 Stewart Ave, Brooklyn, New York, 11237.

6. Upon information and belief, Defendant Li is an individual residing in the City and State of New York and he is also the chief executive officer (the "CEO") of Hop and Yat.

## STATEMENT OF FACTS

7. Plaintiff ZhongFu is a company engaged in the business commonly known as a "freight forwarder." Plaintiff ZhongFu is a China-registered Non-Vessel Operator Common Carrier ("NVOCC"). As an NVOCC, ZhongFu does not own the vessels (whether ocean-going or air) by which ZhongFu, by itself or through agents around the world, arranges the passage of its customer's freight, which is typically encased in transport containers of the type found on ocean-

going container ships, or is an agent for Defendant Hop for all Hop's U.S. in-bound shipments from China, especially for those shipments of the Hop's various importer customers.

8. Between December 2021 and June 2022, Defendant Li contacted Plaintiff ZhongFu to transport about 127 containers from China to the United States. Defendant Hop, the consignee of all shipments, agreed to pay for the freight charges at the destination in New York and New Jersey, United States when Defendant Hop picked up the 127 containers.

9. Between January 2022 and August 2022, Plaintiff ZhongFu completed transporting all of the 127 containers requested by Defendant Hop from China to New York. Defendant Hop failed to make the required payment for freight charges to Plaintiff ZhongFu.

10. The information about each shipment made to Defendant Hop is summarized in a table attached hereto as **Exhibit A**.

11. Plaintiff's performance of shipping containers, Defendants' acceptance of the containers and confirmation of the Bill of Lading created Maritime Contracts. Plaintiff ZhongFu has fulfilled its obligations under the Maritime Contracts.

12. As a result of Defendants' failure to pay, Plaintiff ZhongFu has and will continue to suffer losses in the total principal sum of $1,582,268.51, exclusive of interest, costs and disbursements, and reasonable attorneys' fees.

**FIRST CLAIM FOR RELIEF**
**(BREACH OF MARITIME CONTRACTS AGAINST HOP)**

13. Plaintiff ZhongFu repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "12" of the Complaint, with the same force and effect as if more fully set forth at length herein.

14. Under the terms of the Maritime Contracts, Defendants are obligated to make payment to Plaintiff upon receiving the Bill of Lading.

15. In reliance on the Maritime Contracts, between January 2022 and August 2022, Plaintiff ZhongFu completed transporting all of the 127 containers requested by Defendant Hop from China to New York and New Jersey.

16. Defendants accepted the containers without any revocation or notification of defects. However, Defendants failed to make the required payment for freight charges to Plaintiff.

17. By virtue of the foregoing, Defendant Hop breached the Maritime Contracts with Plaintiff ZhongFu and is therefore liable for the damages sustained by Plaintiff ZhongFu.

18. Adequate and prompt notice of the aforesaid breach has been provided to Defendant Hop or its agent. Plaintiff ZhongFu has at all material times complied with all obligations under the Maritime Contracts with Defendant Hop.

19. As a result of the breach of the Maritime Contracts on the part of Defendant Hop, Plaintiff ZhongFu sustained damages totaling more than $1,582,268.51.

**SECOND CLAIM FOR RELIEF**
**(FRAUD AND PERSONAL LIABILITY OF CORPORATE OFFICERS**
**AGAINST HOP AND LI)**

20. Plaintiff ZhongFu repeats and realleges each and every allegation contained in paragraphs "1" through "19".

21. After Defendants Hop and Li failed to make payments to Plaintiff upon receiving the Bill of Lading for several containers, Plaintiff's corporate officer Chang Feng Cao ("Cao") contacted defendant Li regarding the nonpayment. In or about March 2022, Li stated to Cao during multiple voice conferences that Hop did not make timely payments because it had not picked up the cargos yet due to the reasons such as congestion at the port, difficulties to find trucks to transport the goods, and not enough space at Hop's warehouses. During the same period, Li also stated to Cao that because of the poor quality of the goods, Hop had a hard time selling the goods,

which also caused the lack of space at its warehouses. Li and Hop promised to make the payments for the shipment of the containers that they already received once the goods started to sell and Hop was able to pick up the goods at the port.

22. Plaintiff detrimentally relied on Li's above-mentioned statements and continued to make shipments from China to Hop in New York.

23. However, Hop and Li failed to make the payments for the shipment of the goods they had received.

24. Upon investigation, Plaintiff realized that Defendants' representations in paragraph 21 were false to the extent that Hop and Li intentionally refused to pick up the cargos at the port to create excuses for non-payments, and Li knew that they were false when Li made the representations to Plaintiff. Defendants made them with the intent to and did, induce Plaintiff into believing that Defendants Hop and Li would pay for the freight.

25. Plaintiff detrimentally relied upon the false representations of Defendants, which induced Plaintiff to continue to transport the containers from China to New York and New Jersey.

26. As a result of Defendant Hop's breach, Plaintiff ZhongFu has and will continue to suffer losses in an amount to be determined at the trial, exclusive of interest, costs and disbursements, and reasonable attorneys' fees.

### THIRD CLAIM FOR RELIEF
### (PIERCING THE CORPORATE VEIL AGAINST HOP, YAT AND LI)

27. Plaintiff ZhongFu repeats and realleges each and every allegation contained in paragraphs "1" through "26".

28. Defendant Li completely dominated the corporation defendants Hop and Yat and Defendant Li used Hop and Yat to commit fraud against Plaintiff in the transactions related to the transportation of the 127 containers from China to New York.

29. Defendant Li incorporated defendant Yat in August 2022 to create a false impression that Hop was no longer in business and conducted Yat's business using Hop's warehouses and office. Defendant Li purposefully used Yat to defraud Plaintiff and to avoid Plaintiff's pursuit of liability under the Maritime Contracts.

30. Defendant Li, Hop and Yat failed to adhere to the formalities of corporate existence because Li transferred assets and cargos between Hop and Yat.

31. Defendants Hop and Yat failed to adhere to the formalities of corporate existence in that they failed to keep adequate records relating to the governance of its corporate affairs and accounting of its finances, also in that they failed to issue share certificates or to obtain any capital contribution.

32. Defendant Hop and defendant Yat have overlapped owner, corporate officers, and employees.

33. Defendant Li, the CEO of Hop and Yat, completely dominated the corporations in that he organized, managed, and controlled Hop and Yat. Defendant Li conducted the business of Hop and Yat in disregard of their corporate formalities and in a manner that suited Defendant Li's own personal convenience.

34. By virtue of the foregoing, Defendant Hop and Defendant Yat, primarily transacted the business of Defendant Li rather than its own business and acted as the alter ego of Defendant Li.

35. In view of Defendants' disregard of the formalities of Hop and Yat's corporate existence, an adherence to the fiction of such separate corporate existence of Hop and Yat would result in injustice to Plaintiff.

36. By reasons of the foregoing, Defendant Li and Defendant Yat are responsible for Defendant Hop's aforesaid indebtedness to Plaintiff in the total principal sum of $1,582,268.51, exclusive of interest, costs and disbursements, and reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

37. Plaintiff ZhongFu hereby demands trial by jury for any and all claims, if any, under F.R.Civ.P. 38(a).

## REQUEST FOR RELIEF

Plaintiff ZhongFu respectfully requests that a judgment be entered as follows:

A. Directing that Defendants Hop, Yat and Li pay compensatory damages of $1,582,268.51 on all claims.

B. Awarding Plaintiff reasonable costs, disbursements, and attorney's fees for the prosecution of this action.

C. Awarding Plaintiff such other and further relief as may be just and proper.

Dated: Queens, New York
       February 1, 2023

                                                KEVIN KERVENG TUNG, P.C.
                                                *Attorneys for the Plaintiff*

                                                *Kevin K. Tung*
                                                _____
                                                By: Kevin K. Tung, Esq.
                                                Queens Crossing Business Center
                                                136-20 38th Avenue, Suite 3D
                                                Flushing, NY 11354
                                                (718) 939-4633