UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
QINGDAO ZHONGFU INTERNATIONAL
LOGISTICS CO., LTD.,

                                      Plaintiff,              Case No. 24-CV-0739

           -against-                             **ANSWER AND**
                                                                 **COUNTERCLAIMS**
HOP WO INT'L TRADING, INC.,
YAT WO TRADING INC. and YAO YUA LI,

                                      Defendants.
---------------------------------------------------------------X

        HOP WO INT'L TRADING, INC., YAT WO TRADING INC., and YAO HUA LI (T/N: YAOHUA LI) (the "Defendants") by and through their attorneys, The Law Firm of Hugh H. Mo, P.C., answer the Complaint as follows:

## JURISDICTION AND VENUE

        1.      Defendants admit the allegations contained in paragraph 1 of the Complaint except deny any allegations related to the Carriage of Goods by Sea Act ("COGSA") inasmuch it relates to a bill of ladings which Defendants are not in privity of contract with or to.

        2.      Defendants admit the allegations contained in paragraph 2 of the Complaint.

## THE PARTIES

        3.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

        4.      Defendants admit the allegations contained in paragraph 4 of the Complaint.

        5.      Defendants admit the allegations contained in paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in paragraph 6 of the Complaint except denies the characterization of Defendant Yaohua Li ("Li") as the "chief executive officer" of Hop Wo Int'l Trading, Inc. ("Hop Wo") and Yat Wo Trading Inc. ("Yat Wo").

## STATEMENT OF FACTS

7. Defendants deny the allegations contained in paragraph 7 of the Complaint.

8. Defendants deny the allegations contained in paragraph 8 of the Complaint.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10. Defendants deny the allegations contained in paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in paragraph 12 of the Complaint.

## FIRST CLAIM FOR RELIEF
## (LIABILITY OF DEFENDANT FOR BREACH OF MARITIME CONTRACT)

13. This paragraph does not warrant an answer.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint

15. Defendants deny the allegations contained in paragraph 15 of the Complaint.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint as it sets forth a legal conclusion.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint as it sets forth a legal conclusion.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

## SECOND CLAIM FOR RELIEF
## (QUANTUM MERUIT)

20. This paragraph does not warrant an answer.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint as it sets forth legal conclusions.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint as it sets forth a legal conclusion.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint as it sets forth a legal conclusion.

## THIRD CLAIM FOR RELIEF
## (PIERCING THE CORPORATE VEIL AGAINST HOP, YAT AND LI)

27. This paragraph does not warrant an answer.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint as it sets forth a legal conclusion.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants admit the allegations contained in paragraph 32 of the Complaint in that Hop Wo and Yat Wo are sister companies and have overlapping employees.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint as it sets forth a legal conclusion.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint as it sets forth a legal conclusion.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint.

## DEMAND FOR JURY TRIAL
## REQUEST FOR RELIEF

37. This paragraph does not warrant an answer.

## AFFIRMATIVE AND OTHER DEFENSES
## FIRST AFFIRMATIVE DEFENSE

38. The complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

39. The court lacks personal jurisdiction over Defendants.

## THIRD AFFIRMATIVE DEFENSE

40. Plaintiff's claim for breach of contract fails as a matter of law as the purported contract lacked valid consideration and therefore, no enforceable contract was formed between the parties.

## FOURTH AFFIRMATIVE DEFENSE

41. The complaint fails as there exists no privity of contract between the parties. Any

alleged contract pertains solely to other parties, and Defendant cannot be held liable for breach of contract under such circumstances.

### FIFTH AFFIRMATIVE DEFENSE

42. Plaintiff's claims fail as there was lack of mutual agreement or mutual assent between the parties.

### SIXTH AFFIRMATIVE DEFENSE

43. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or release.

### SEVENTH AFFIRMATIVE DEFENSE

44. Plaintiff's claims are barred, in whole or in part, by unjust enrichment.

### EIGHTH AFFIRMATIVE DEFENSE

45. Plaintiff's claims are barred, in whole or in part, by Impossibility or Impracticability of Performance.

### NINTH AFFIRMATIVE DEFENSE

46. Plaintiff's claims are barred, in whole or in part, by plaintiff's own culpable conduct.

### TENTH AFFIRMATIVE DEFENSE

47. Plaintiff failed to mitigate its damages, if any.

### ELEVENTH AFFIRMATIVE DEFENSE

48. If Plaintiff has sustained any damages, those damages are incorrectly valued.

### TWELFTH AFFIRMATIVE DEFENSE

49. Defendant reserves the right to assert additional defenses and/or supplement and amend this answer upon the discovery of more definite facts.

### COUNTERCLAIMS

Defendant and Counterclaim Plaintiff HOP WO INT'L TRADING, Inc. ("Hop Wo") by and through its attorneys, The Law Firm of Hugh H. Mo, P.C., by way of Counterclaim against

Plaintiff and Counterclaim Defendant Qingdao Zhongfu International Logistics Co., Ltd. ("Zhongfu") allege as follows:

## NATURE OF THE ACTION

50. This action arises out of a dispute between Hop Wo as consignee of goods made in China and Non-Vessel Operating Common Carrier ("NVOCC") Zhongfu over the freight charges and demurrage fees incurred in connection to shipments transported from China to the United States in or around January 2022 through August 2022.

51. Hop Wo responds to the Complaint with several affirmative defenses, including but not limited to, failure to state a cause of action; waiver and estoppel; and impossibility or impracticability to perform.

52. As a result of the foregoing, Hop Wo also brings the following counterclaims against Zhongfu for Unjust Enrichment, Breach of Contract, and Tortious Interference, as follows.

## THE PARTIES

53. Counterclaim Plaintiff Hop Wo is a domestic corporation organized and existing under the laws of the State of New York with a principal place of business at 1250 Metropolitan Avenue, Brooklyn, New York, 11237.

54. Counterclaim Defendant Zhongfu is a foreign corporation organized and existing under the laws of the People's Republic of China with a principal place of business at Rm 0911, China Resource Building, No. 6, Shandong Road, Qingdao, China.

## JURISDICTION

55. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333, which gives district courts original jurisdiction over civil cases of admiralty or maritime jurisdiction.

56. There is complete diversity of citizenship between all parties to this counterclaim.

The amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000. Accordingly, this Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## FACTS COMMON TO ALL CAUSES OF ACTION

57. Hop Wo is an importer and wholesale distributor of primarily assorted disposable and environmentally sustainable food packaging goods made in China.

58. Many of these wholesale goods are eco-friendly or compostables, have a known shelf-life and must be stored and maintained in certain temperature settings.

59. Hop Wo places orders with factories ("Shippers") in China to manufacture and supply the wholesale goods.

60. Hop Wo does not choose the NVOCC and/or freight forwarder who is responsible for transporting the goods.

61. Shippers are responsible for transporting the wholesale goods to the United States, including contracting with freight forwarding and carrier services to arrange delivery by carrier ships.

62. Shippers utilize Non-Vessel Operating Common Carriers ("NVOCC") and freight forwarders ("freight forwarder") to streamline the importing of the goods and provides a cost-effective solution for the Shippers so that there is a single point of contact via the NVOCC and freight forwarders.

63. Hop Wo is not a Shipper or carrier but a notify party or consignee.

64. Hop Wo does not contract directly with NVOCC/freight forwarders like Zhongfu.

65. Zhongfu is an NVOCC/freight forwarder, that is contracted by Hop Wo's Shippers to deliver goods and issues a bill of lading.

66. Supply chain issues arose worldwide due to the COVID-19 pandemic. Many, if not all, of Hop Wo's Shippers were unable to deliver goods on time. Many U.S. ports were also congested because shipping containers were not being picked up in a timely fashion. This pickup delay caused storage issues for empty shipping containers that had to be returned to port. Simply put, the port container parking lot was full.

67. Hop Wo engages truckers to pick up shipping containers with their goods. Due to the port congestion issues, many truckers utilized by Hop Wo were unwilling to pick up shipping containers and risk not being able to return an empty container to port. Many truckers that regularly pickup containers charged higher than average rates or added charges if shipping containers were unable to be returned to port.

68. Despite the higher costs and expenses incurred, Hop Wo still regularly engaged truckers to pick up shipping containers with their goods because there was a demand for the goods Hop Wo provided.

69. Typically, when a shipping container arrives in port, it may be kept in port for a certain period of time before additional fees are imposed.

70. After this "free time" expires, additional fees begin to accrue. These additional fees, "demurrage charges", are incurred when full containers have not been cleared through customs or picked up.

71. When the delay is not caused by the consignee for whom the goods are addressed to, the consignee is not responsible for the demurrage fees.

72. Upon information and belief, due to the COVID-19 pandemic, global supply chain issues, many freight forwarders have negotiated discounts with carrier ship services for freight charges due to unforeseen demurrage charges and increased truckers' fees.

73. Hop Wo's Shippers arrange and contract directly with freight forwarders or NVOCC such as Zhongfu for international shipment of goods.

74. Freight charges are paid to Worldwide Freight System NY LLC ("Worldwide Freight"). Upon information and belief, Zhongfu consolidated approximately twenty-seven (27) separate containers to ship on one vessel and this shipment was delayed and took approximately two months to complete, with an arrival date of January 10, 2022 and staggered delivery dates from January 18, 2022 to March 23, 2022 (the "27 containers").

75. Upon information and belief, the 27 containers were shipped to the wrong port of arrival located at Gloucester, NJ instead of Hop Wo's agreed upon designated ports.

76. Zhongfu admitted their error of shipping the 27 containers to Gloucester, NJ and not Hop Wo's agreed upon designated ports.

77. Because it was not Hop Wo's designated port, Zhongfu agreed to provide delivery service from the port to Hop Wo. Upon information and belief, Zhongfu promised to provide delivery service from the incorrect ports to Hop Wo's warehouse at their own expense, but did not, and Hop Wo incurred additional expenses as a result of this error.

78. Although the 27 containers arrived on the same ship, they were not delivered to Hop Wo in one delivery.

79. Due to Zhongfu's delay, time-sensitive eco-friendly products were damaged due to their biodegradable nature.

80. Due to Zhongfu's delay, customers canceled their orders with Hop Wo.

81. Due to the canceled orders, some of Hop Wo's customers had to order from Hop Wo's competitors instead.

82. As a result, some of Hop Wo's customers started new business relationships with

9

Hop Wo's competitors that continue to date, negatively affecting Hop Wo's sales.

83. Because many of the goods in the containers included eco-friendly products, they were damaged due to Zhongfu's shipping delays and holding in the port. As a result, many of the goods could not be sold and had to be discarded at significant costs to Hop Wo. Ultimately, Hop Wo was forced to order other goods from Shippers to fulfill orders.

84. Hop Wo paid exorbitant fees to cover demurrage, freight, and truckers' costs. This amount does not include disposal fees, storage, re-ordering goods from Shippers, shipping fees for the replacement goods, freight charges, and labor, far exceeding Hop Wo's standard fees for wholesale goods of this volume.

85. Hop Wo maintains when the delay is not caused by Hop Wo as consignee, Hop Wo would not be responsible for the incurred demurrage fees.

86. During this global port congestion crisis, a separate NVOCC agreed demurrage fees in these circumstances was the responsibility of the freight forwarder. Therefore, Hop Wo would not have agreed to pay exorbitant demurrage fees, accrued at no fault by Hop Wo, especially when the fees exceeded the value of the goods themselves.

87. Each container requires three clearances upon arrival at the port: a Telex Release is issued by the Shippers to ensure factories are paid for the goods; a Customs Release is issued by the CBP to ensure goods are inspected and released by Customs; and a Freight Release is issued by the NVOCC/freight forwarders as the transporting party to ensure the freight charge is paid.

88. Each and every container Hop Wo picked up had a Telex Release, Customs Release, and Freight Release.

89. Upon information and belief, Zhongfu falsely informed factories in China that Hop

10

Wo was out of business.

90. Hop Wo is still in business and operates normally, placing orders with factories in China.

91. Hop Wo and Yat Wo are sister companies but are not the same business. Hop Wo manages the import of goods from factories in China and redistribute the goods through its sister company Yat Wo which manages domestic orders.

92. Hop Wo reserves the right to amend and assert additional counterclaims upon the discovery of more definite facts.

## COUNT ONE
## UNJUST ENRICHMENT

93. Defendant repeats and restates the allegations contained in the prior paragraphs of this counterclaim as if set forth more fully herein.

94. Hop Wo as consignee was not responsible for the port congestion and accrued demurrage fees on the containers.

95. Zhongfu failed to mitigate the demurrage fees with the port.

96. Due to Hop Wo's actions in paying the demurrage fees and picking up several containers at a loss that exceeded the value of the goods themselves, Zhongfu was unjustly enriched at Hop Wo's expense.

97. As a direct and proximate result of Zhongfu's actions, Hop Wo has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT TWO
## TORTIOUS INTERFERENCE

98. Defendant repeats and restates the allegations contained in the prior paragraphs of this counterclaim as if set forth more fully herein.

99. Zhongfu's actions have damaged Hop Wo's business relationships with factories in China.

100. As a result of Zhongfu's actions, Hop Wo has suffered business opportunities and other vendors that Hop Wo has regularly worked with in China have ceased working relationships with Hop Wo or required additional capital assurances.

101. As a direct and proximate result of plaintiff's actions, defendants have suffered and will continue to suffer damages in an amount to be proven at trial.

**WHEREFORE**, by reason of the foregoing, Hop Wo Int'l Trading, Inc., Yat Wo Trading, and Yaohua Li hereby respectfully requests the following relief:

1. Entry of judgment in favor of Defendants Hop Wo Int'l Trading, Inc., Yat Wo Trading Inc., and Yaohua Li on each and every cause of action;

2. Award of damages in an amount to be determined.

3. Costs of suit and attorneys' fees; and

4. Such other and further relief as the court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Defendants Hop Wo Int'l Trading, Inc., Yat Wo Trading Inc., and Yaohua Li hereby demand a trial by jury on all issues that are so triable.

Dated: April 8, 2024
New York, New York

                                          THE LAW FIRM OF HUGH H. MO, P.C.
                                          *Attorneys for Defendants*

                              By:   /s/
                                          Hin Ton (Tracy) Wong
                                          Elizabeth L. Mo
                                          225 Broadway, 27th Floor
                                          New York, New York 10007
                                          Tel: 212-385-1500
                                          Email: twong@hhmolaw.com