# THE LAW FIRM OF HUGH H. MO, P.C.

225 BROADWAY, 27TH FLOOR
NEW YORK, NEW YORK 10007
TEL (212) 385-1500  FAX (212) 385-1870
hhmo@hhmolaw.com  www.hhmolaw.com

May 6, 2024

**VIA ECF**
Honorable Diane Gujarati
United States District Judge Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Qingdao Zhongfu International Logistics Co., Ltd. v. Hop Wo Int'l Trading, Inc., Yat Wo Trading Inc., and Yao Yua Li*, Case No. 24-cv-00739 (DG) (VMS)

Dear Judge Gujarati:

We are the attorneys for Hop Wo International Trading, Inc. ("Hop Wo"), Yat Wo Trading Inc. ("Yat Wo"), and Yao Yua Li (T/N: Yaohua Li) (collectively, the "Defendants") in the above-referenced matter. Pursuant to the Court's Individual Practice Rules, Rule 3(A), we write in response to Plaintiff and Counterclaim Defendant Qingdao Zhongfu Int'l Logistics Co., Ltd. ("Zhongfu")'s pre-motion conference letter to dismiss the counterclaims by Counterclaim Plaintiff Hop Wo under Fed. R. Civ. P. 12(b)(6). *See*, Dkt. No. 13 (Answer with Counterclaims) ("Counterclaims"); *and* Dkt. No. 14 (Pre-motion Conference Letter, dated April 29, 2024).

This is a matter involving unpaid freight and demurrage fees for 127 containers with issues related to performance and costs and fees. The first Counterclaim for Unjust Enrichment is sufficiently alleged, establishing that our client Hop Wo was not responsible for demurrage fees as consignee, but paid the fees to its detriment in order to help Zhongfu from accruing further exorbitant fees at port. The second Counterclaim for Tortious Interference sets forth, upon information and belief, Zhongfu's acts of falsely informing factories in China that Hop Wo was out of business in order to interfere with Hop Wo's business relationships with these factories.

**Standard**

It is well-settled law that dismissals pursuant to Fed. R. Civ. P. 12(b)(6) are reviewed *de novo*. *Palin v. New York Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019). The Counterclaims will survive a motion to dismiss if they contain sufficient facts that, if accepted as true, state a plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). All allegations in the Counterclaims are accepted as true with all reasonable inferences in favor of Hop Wo as the non-moving party. *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008)

**First Counterclaim: Unjust Enrichment**

Hop Wo maintains there is no privity of contract with Zhongfu and therefore, there is no counterclaim for Breach of Contract. Countercl. ¶¶ 59-60, 64-65. (Hop Wo does not contract directly with NVOCC/freight forwarders like Zhongfu.) In the alternative, Hop Wo counterclaims for Unjust Enrichment. *See, Grossman v. Simply Nourish Pet Food Co. LLC*, 516 F. Supp. 3d 261, 285 (E.D.N.Y. 2021) (An unjust enrichment claim is reserved for "circumstances creat[ing] an equitable obligation running from the defendant to the plaintiff" in the absence of a contract breach or another recognizable tort.) To survive a motion to dismiss unjust enrichment, a plaintiff must

**THE LAW FIRM OF HUGH H. MO, P.C.**

Honorable Diane Gujarati  
*Zhongfu v. Hop Wo, et al.*  
Case No. 24-cv-00739 (DG) (VMS)

May 6, 2024  
Page -2-

show: "(1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." *Sulieman v. Igbara*, 599 F. Supp. 3d 113, 125 (E.D.N.Y. 2022)(quoting *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 586 (2d Cir. 2006).

The Counterclaims sufficiently allege that Hop Wo is not responsible for demurrage fees as consignee when the delay is not its fault. Countercl. ¶71. Instead, upon information and belief, the responsibility of negotiating demurrage fees and discounts lies with the freight forwarder. *Id.* ¶72. It is to Zhongfu's benefit if the containers are picked up from port because they continue to accrue exorbitant demurrage fees there and occupy Zhongfu's shipping containers and prevents its ships from leaving port for the next order. *Id.* ¶¶66, 70. Not only did Hop Wo pay the exorbitant demurrage fees to relieve Zhongfu of the increasing demurrage fees, the goods delivered were damaged and unfit for sale due to Zhongfu's delay in transporting the containers. *Id.*[1]

**Second Counterclaim: Tortious Interference**

Under New York Law, there are four conditions to state a claim for tortious interference with business relations: (i) the plaintiff had business relations with a third party; (ii) the defendants interfered with those business relations; (iii) the defendants acted for a wrongful purpose or used dishonest, unfair, or improper means; and (iv) the defendants' acts injured the relationship. *Lombard v. Booz-Allen & Hamilton, Inc.*, 280 F.3d 209, 214 (2d Cir. 2002); *see also Nadel v. Play-by-Play Toys & Novelties, Inc.*, 208 F.3d 368, 382 (2d Cir. 2000) ("[M]ere suspicions are inadequate to support a claim for tortious interference with business relations.); *and Hannex Corp. v. GMI*, Inc., 140 F.3d 194, 205 (2d Cir. 1998) (In lieu of a written contract, it is also sufficient to show "a continuing business or other customary relationship not amounting to a formal contract.") (quoting Restatement (Second) of Torts § 766B cmt. c (1979)).

*First*, Hop Wo alleged business relations with factories in China to manufacture and supply wholesale goods. Countercl. ¶59. *Second*, upon information and belief, Zhongfu interfered with this business relationship when it falsely informed these factories that Hop Wo was out of business. *Id.* ¶89. *Third*, the very act of doing so supports the inference that Zhongfu acted for a wrongful purpose because spreading false information about Hop Wo's operational status would clearly harm Hop Wo's reputation, credibility, and potentially its ability to maintain and attract customers. This information has no purpose but to undermine Hop Wo's relationships. *Id.* ¶99. In light of the instant dispute over the subject containers, spreading said false information suggests malicious intent and a desire to harm Hop Wo's business interests in retaliation or sabotage. *Lastly*, such misinformation would cause concern among the factories and Hop Wo has alleged it "suffered

---

[1] Specifically, the Counterlcaims highlighted 27 containers shipped to the wrong port, where Hop Wo incurred additional expense in delivery service from the wrong port, and the goods were damaged because the containers were released at different intervals despite arriving in the same ship. *Id.* ¶¶ 75-78. Further, many of Hop Wo's goods are biodegradable eco-friendly products and were subsequently damaged as a result of Zhongfu's delay and holding in the port. As a result of this delay and damage, Hop Wo was forced to order additional replacement goods to fulfill orders, some customers canceled their orders with Hop Wo, and some customers began new business relationships with Hop Wo's competitors that have continued to date, negatively affecting Hop Wo's sales. *Id.* ¶¶ 79-83.

**THE LAW FIRM OF HUGH H. MO, P.C.**

Honorable Diane Gujarati  
*Zhongfu v. Hop Wo, et al.*  
Case No. 24-cv-00739 (DG) (VMS)

May 6, 2024  
Page -3-

business opportunities and other vendors that Hop Wo has regularly worked with in China have ceased working relationships with Hop Wo or required additional capital assurances." *Id.* ¶100.

Hop Wo's claim is further supported by Zhongfu's own allegations that Hop Wo appeared "no longer in business" and its sister company Yat Wo was merely a means to defraud Zhongfu. Dkt. No. 1, Compl. ¶29.[2] *See, Grp. One Ltd. v. GTE GmbH*, No. 20-CV-02205-MKB-JRC, 2022 U.S. Dist. LEXIS 37144, at *32 (E.D.N.Y. Feb. 28, 2022) (Plaintiff sufficiently alleged tortious interference when it set forth the dissemination of known falsehoods about Plaintiff's product to interfere with Plaintiff's prospective business relationships with a third party as the wrongful conduct.) It would be pre-mature to dismiss the claim as Hop Wo has alleged sufficient facts beyond mere suspicion at this pre-answer stage. *See, Scutti Enters. v. Park Place Entm't Corp.*, 322 F.3d 211, 217 (2d Cir. 2003) (Plaintiff sufficiently "set forth more than suspicions" in alleged wrongful conduct for it to be a question of fact best answered upon summary judgment or trial.)

**Leave to Amend**

In the alternative, Hop Wo seeks leave of the Court to amend the Answer with Counterclaims with the factual narrative set forth herein, pursuant to the Court's Individual Practice Rules, Rule 3(A). However, Hop Wo respectfully requests the parties first decide the issue of contractual privity before amending the Answer with Counterclaims under Unjust Enrichment for the sake of judicial economy and efficiency.[3]

We thank the Court for its kind consideration.

Respectfully submitted,

Hin Ton Wong  
Elizabeth L. Mo

---

[2] It is troubling that counsel for Zhongfu, Kevin Kerveng Tung, P.C., would name Yat Wo in the Complaint on the basis that it was incorporated for the purpose of defrauding Zhongfu when counsel knows this is false. *See*, Rule 3.3(a)(1) and (3) (A lawyer shall not knowingly make a false statement of fact or law to a tribunal, fail to correct the false statement, and offer evidence known to be false.) Recently, counsel represented a separate NVOCC in a similar Complaint brought against Hop Wo predicated on Hop Wo operating and in business with other parties during this same time period; Yat Wo was identified as Hop Wo's sister company; and the parties briefed the issue of whether Plaintiff's counsel was conflicted due to their prior representation of Hop Wo in a lease review to establish an office for Yat Wo. *Shenzhen Long King Logistics Co., Ltd. v. Hop Wo Int'l Trading, Inc. and Yaohua Li*, 22-CV-10682 (VEC), U.S.D.C., S.D.N.Y, Dkt. Nos. 42, 47-56. This carelessness is further evinced by the misspelling of Yaohua Li's name in the case caption and the absence of correction after we noted the error on February 27, 2024. Dkt. No. 9.

[3] In the event the Court determines further briefing is necessary for the instant 12(b)(6) motion, in the interest of judicial economy Hop Wo respectfully intends to submit a pre-motion conference letter challenging the factual sufficiency of the Complaint to support privity of contract under the alleged bill of ladings. From the outset, Hop Wo maintains it has never received the bill of ladings with the terms and conditions on the back. Countercl. ¶1; *see also*, *Dynamic Worldwide Logistics, Inc. v. Exclusive Expressions, LLC*, 77 F. Supp. 3d 364, 374 (S.D.N.Y. Jan. 6, 2015) (A Bill of Ladings on its own cannot support the existence of a contract between parties that do not intend to be bound together.) However, in the event Zhongfu prevails and alleges breach of contract with factually sufficiency, Hop Wo will seek to amend the Counterclaims with breach of contract.