

**THE LAW FIRM OF HUGH H. MO, P.C.**

225 BROADWAY, 27ᵀᴴ FL.                   TEL (212) 385-1500
NEW YORK, NEW YORK 10007           FAX (212) 385-1870
www.hhmolaw.com

December 29, 2025

**VIA ECF**
Honorable Vera M. Scanlon
Chief Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Qingdao Zhongfu International Logistics Co., Ltd. v. Hop Wo Int'l Trading, Inc., Yat Wo Trading Inc., and Yao Hua Li*, Case No. 24-cv-00739 (DG) (VMS)

Dear Judge Scanlon:

      We are the attorneys for Hop Wo International Trading, Inc. ("Hop Wo"), Yat Wo Trading Inc. ("Yat Wo"), and Yao Hua LI [1] (collectively, the "Defendants") in the above-referenced matter. Plaintiff is a corporation based in the People's Republic of China ("China"). There is no dispute that Plaintiff's deposition cannot be in China where depositions for use in this Court are not permitted.[2] However, Plaintiff refuses to travel to New York, or even the United States, where it brought this litigation, in this District. Accordingly, pursuant to the Court's Individual Rules III(b), Defendants respectfully request that the Court: (1) compel Plaintiff's corporate representative to appear in New York for an in-person deposition; and (2) award Defendants reasonable attorneys' fees and costs in opposing Plaintiff's motion for a protective order under Rule 37(a)(5).

## PROCEDURAL POSTURE

      On August 27, 2025, the parties first raised their discovery dispute concerning the location of Plaintiff's corporate representative's deposition ("deposition location dispute") (ECF No. 28). Pursuant to the Court's Order on October 27, 2025, the parties met and conferred on October 31, 2025, November 4, 2025, and November 11, 2025, for a total of two hours but were unable to resolve this deposition location dispute (ECF No. 30). On November 12, 2025, the parties filed a joint letter setting forth the above and proposing a briefing schedule on consent to brief new issues raised in their discussions (ECF No. 30).

---

[1] To clarify, Defendant Yao Hua Li's surname is LI. Last names will be capitalized throughout.
[2] As noted in the Court's Order on October 27, 2025, depositions in China for use in foreign courts are not permitted. *See also*, *Junjiang Ji v. Jling Inc.*, No. 15-CV-4194 (SIL), 2019 U.S. Dist. LEXIS 55341 (E.D.N.Y. Mar. 31, 2019) (Striking video testimony that took place in China because it violates Chinese domestic law.)

THE LAW FIRM OF HUGH H. MO, P.C.

Honorable Vera M. Scanlon  December 29, 2025
*Zhongfu v. Hop Wo, et al.*, 24-cv-00739 (DG)(VMS)  Page -2-

## **ARGUMENT**

Plaintiff's corporate representative must be deposed in New York. Plaintiff cannot establish good cause to depart from that requirement or suggest any viable alternatives.

*First*, Plaintiff contends the presumption is depositions of corporate officers take place at their residence or the corporation's principal place of business. Because Plaintiff concedes depositions cannot take place in China, they suggest traveling to Hong Kong, Taiwan or Macau for a remote deposition.[3] This presumption is overcome when considering the factors of cost, convenience, and litigation efficiency. *Morrisey v. Little Beaver, Inc.*, No. CV 05-0951 (LDW) (AKT), 2006 U.S. Dist. LEXIS 92812, at *6 (E.D.N.Y. Aug. 23, 2006). None of these factors exist here to allow the deposition elsewhere but New York, where Plaintiff brought the action.

*Second*, Plaintiff must seek a Rule 26(c) protective order from their obligation to appear in-person and cannot prove good cause. *See*, Fed. R. Civ. P. 26(c); *and, Bodner v. Banque Paribas*, 202 F.R.D. 370, 372 (E.D.N.Y. 2000). After nearly two years of protracted litigation, Plaintiff alleges now, for the first time, that sometime in 2023 before Plaintiff even commenced this lawsuit Defendant Li told others over text that he would "kill him [Mr. CAO] with a gun if he came to New York." Mr. CAO now claims this allegation renders him fearful of travelling to New York. Plaintiff's counsel first made these allegations during the parties' second video meet and confer on November 4, 2025. Defense counsel requested corroborating information, including the actual text messages, approximate date, time, and the alleged third-party recipients. Plaintiff's counsel produced nothing beyond the surnames of two otherwise unidentified individuals as the third-party recipients. Defendant LI denies ever making any such targeted statements, directly or indirectly, towards Mr. CAO. Without more, Plaintiff's allegations do not amount to a viable, live threat to prevent Mr. CAO from appearing in New York for deposition. Most alarmingly, this new excuse is contrary to Plaintiff's prior intent to appear in New York for deposition. As an officer of the Court, Plaintiff's counsel has a duty of candor and it is highly improper to assert this salacious and wholly uncorroborated accusation against Mr. Li, which directly impugns his reputation. Rule 37(a)(5) permits the award of reasonable attorneys' fees and expenses to the prevailing party who opposed the protective order unless the motion was "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5).

### A. The Deposition Must Be in New York Because Plaintiff Chose This Forum

Plaintiff commenced this action here in this District on February 1, 2024. (ECF No. 1) By choosing this forum, Plaintiff is subject to its jurisdiction and discovery rules, including the obligation to make its corporate representative Mr. CAO available in-person for deposition. As a general rule, a "plaintiff will be required to make himself or herself available for examination in the district in which suit was brought." Wright & Miller, Federal Practice & Procedure, § 2112 (3d ed. 2013). Cost, convenience, and litigation efficiency (*Morrisey*) all point to one conclusion: the deposition must occur in New York and or in the continental United States. On cost, this Court has

---

[3] Travel by Chinese nationals residing in mainland China to Taiwan is currently subject to government restrictions and travel is suspended except for limited circumstances. Accordingly, Plaintiff's suggestion of a Taiwan deposition location is not realistically available to its corporate representative.

THE LAW FIRM OF HUGH H. MO, P.C.

Honorable Vera M. Scanlon  December 29, 2025
*Zhongfu v. Hop Wo, et al.*, 24-cv-00739 (DG)(VMS)  Page -3-

recognized that "having one witness come to New York rather than have two to three attorneys travel to Texas is more cost-efficient." *Morrissey,* 2006 U.S. Dist. LEXIS 92812, at *7. Convenience considers hardship to counsel which is also in favor of having the deposition in New York when counsel for both parties are located in New York and our collective travel would result in clear hardship and disruption to our respective firms. Lastly, litigation efficiency considers the impact on the efficiency of the litigation. A remote deposition would materially prejudice Defendants' ability to conduct an effective examination because both parties require Mandarin Chinese interpreters and real-time clarifications are far more difficult when witnesses, interpreters, and counsel are not physically present together. Further, there is a significant logistical issue with the parties' substantial time difference of 13 hours between Hong Kong/Macau and New York (or any other location in the continental United States).[4] Here, Rule 28(b)(1) would require the deposition in a foreign country to proceed before a person authorized under subsections (C) or (D):

> (C) on notice, before a person authorized to administer oaths either by federal law or by the law in the place of examination; or
> (D) before a person commissioned by the court to administer any necessary oath and take testimony.

Fed. R. Civ. P. 28(b)(1)(c) and (d). The examination would need to occur during that individual's local business hours. Given the substantial time difference, coordinating the availability of the overseas authorized officer, the parties, the court reporter, the interpreters, video vendor, and counsel would significantly impede the ability to conduct the deposition efficiently. *See*, n.4 (time zone disparity), *supra*, Moreover, should any disputes arise during the examination, the time-zone disparity would render it impracticable to obtain timely intervention from the Court, as a telephone call during foreign working hours would not align with the Court's availability. Plaintiff already must travel for deposition. Defendants respectfully maintain it must be here in New York, where they brought the action.

**B. Plaintiff Cannot Prove Good Cause for a Rule 26(c) Protective Order**

Good cause requires more than conjecture, and Plaintiff offers nothing that meets the rule's standard. *See*, Fed. R. Civ. P. 26(c). Rule 26(c) demands a specific and substantiated showing. *Favors v. Cuomo*, 285 F.R.D. 187, 207 (E.D.N.Y. 2012) (Good cause requires a clearly defined, specific, and serious injury.) Plaintiff has not made one. As the party seeking a Rule 26(c) protective order, Plaintiff has the burden of establishing good cause. *See*, *Bodner v. Banque Paribas*, 202 F.R.D. 370, 372 (E.D.N.Y. 2000).

---

[4] Hong Kong and Macau are in the UTC+8 time zone, approximately 13 hours ahead of New York. Because their business hours occur during nighttime in New York, coordinating a deposition presents significant practical obstacles with the business hours for counsel, the interpreter, and court reporter in New York. *See*, Time and Date AS, https://www.timeanddate.com/worldclock/converter.html?iso=20251211T000000&p1=754&p2=179 (last accessed on Dec. 12, 2025).

THE LAW FIRM OF HUGH H. MO, P.C.

Honorable Vera M. Scanlon  December 29, 2025
*Zhongfu v. Hop Wo, et al.*, 24-cv-00739 (DG)(VMS)  Page -4-

    Plaintiff's potential costs and convenience is not enough. Plaintiff brought the action here and "but for proof of undue burden or prejudice, the presumption is deposition is in this jurisdiction." *Hui Wang v. Omni Hotels Mgmt. Corp.*, Civil Action No. 3:18-CV-2000 (CSH), 2019 LX 42988, at *23 (D. Conn. May 13, 2019) (cleaned up) (Rejecting an attempt by plaintiff who resides in China to avoid being deposed in the forum she chose with no concrete hardship.).[5]

    Broad allegations of harm are also not enough. *See*, *Costa v. AFGO Mech. Servs.*, Inc., 237 F.R.D. 21, 26 (E.D.N.Y. 2006) (a "mere conclusory allegation is insufficient to establish good cause). Plaintiff's last-minute effort to excuse their corporate representative from appearing due to an uncorroborated allegation of threats cannot be credited.  These allegations were never raised in Plaintiff's Complaint (ECF No. 1), in any correspondence concerning adjourning discovery dates (ECF No. 24), in Plaintiff's opposition to Defendants' initial request for a pre-motion discovery conference (ECF No. 29), or at the first meet and confer on October 31, 2025, which spanned an hour.  There is no dispute that the comments, if any, were not made to Mr. CAO directly. There was no specificity, intent, or direct communication. The characterization of the comments as threats are unfounded and, at best, reflects the strong disagreement and frustration with the parties prior to the filing of the action – not actual viable threats.

    The so-called threats against Mr. CAO were simply never raised as a salient issue because Plaintiff and its counsel evidently did not view them as credible. Indeed, when the parties first adjourned the discovery deadlines, international travel was expected. (ECF No. 24) ("Good cause exists for a 90-day extension of the discovery deadline. . . to schedule depositions, including those requiring international travel by the non-resident Plaintiff."). Later, when scheduling depositions, Plaintiff's counsel represented they were consulting with travel agencies for the cost and timing of a visa application, before abruptly changing their position and starting this dispute.[6] Upon information and belief, no visa application has been submitted for travel related to this action. There is also no indication that Plaintiff applied for an Entry-Exit Permit either.

    Plaintiff's conduct has caused unnecessary motion practice and avoidable delays. Under Rule 26(c)(3) and Rule 37(a)(5), this Court may award reasonable attorneys' fees and costs to the prevailing party. Plaintiff cannot show good cause for why Plaintiff cannot produce its corporate representative for a deposition in New York. Defendants relied on Plaintiff's prior representations regarding international travel only to have Plaintiff reverse course and inject an unsupported and plainly inappropriate allegation into this dispute. No other exception applies.

    Plaintiff initiated the action in this forum and is subject to its jurisdiction and discovery rules. Accordingly, Defendants respectfully request that this Court compel Plaintiff's corporate representative to appear in New York for an in-person deposition and award Defendants attorneys' fees and costs under Rule 37(a)(5) to oppose Plaintiff's motion for a protective order.

---

[5] The Court in *Hui Wang* also denied the request for travel to Hong Kong in the alternative. In their initial letter, Defendants identified cost-shifting as a potential alternative relief (ECF No. 30). Defendants reserve their argument on cost-shifting in their forthcoming reply to better address Plaintiff's opposition.

[6] Significantly, the reference to a "visa" application suggests U.S. travel was contemplated because Chinese nationals use Entry-Exit Permits to travel to Hong Kong, Taiwan, or Macau.

THE LAW FIRM OF HUGH H. MO, P.C.

Honorable Vera M. Scanlon  December 29, 2025
*Zhongfu v. Hop Wo, et al.*, 24-cv-00739 (DG)(VMS)  Page -5-

 

We thank the Court for its courtesy and kind consideration.

                Respectfully submitted,

                Hin Ton Wong

All counsel of record (via ECF)